```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
DARWIN FUENTES,                 *

     Petitioner,                *

          v.                    *    CIVIL NO.:    WDQ-08-2540
                                     CRIMINAL NO.: WDQ-08-0047
                                *
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Darwin Fuentes's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion will be denied.

I.   Background

On January 30, 2008, Darwin Fuentes was charged in a criminal information with receipt of stolen United States property and aggravated identity theft. Fuentes's counsel, Michael D. Montemarano, Esquire, reviewed the evidence with Fuentes--including photographs showing Fuentes cashing checks payable to other individuals. Hrg. Tr. 11, 15, Mar. 25, 2009.[1]

---

[1] Montemarano believed the pictures were "crystal clear" and had "no question in [his] mind" that Fuentes was in the photographs. Hrg. Tr. at 15. He also believed that if a jury had seen the photographs it "would have resulted in [Montemarano's] quickest Federal verdict." *Id.* Montemarano told Fuentes that based on the evidence he "stood no chance of winning." Hrg. Tr. at 20.

1

He conveyed the Government's original plea offer under which Fuentes could have been sentenced to up to 18 months on Count I and a consecutive 24 month term on Count II. *Id.* at 20. Fuentes rejected that offer because he wanted a definite--and shorter than 42 month--sentence. *Id.* The Government offered a 12 month sentence on Count I and a consecutive 24 month term on Count II. *Id.* at 23. Fuentes accepted--and appeared content with--the 36 month sentence his co-defendants had received for the same conduct. *Id.* at 27-28.

On April 14, 2008, Montemarano discussed with Fuentes the nature, consequences, and procedures for an appeal in his holding cell before the plea. *Id.* at 25, 43-44. Fuentes asked no questions about an appeal and did not request one.[2] *Id.* at 26, 28.

Fuentes pled guilty to receipt of stolen United States property (Count I),[3] and aggravated identity theft (Count II).[4] Under the agreement, Fuentes would be sentenced to 12 months imprisonment on Count I, and a consecutive 24 month term on Count II. Plea Agmt. § 11. When Fuentes pled guilty he stated that he

---

[2] He also testified that if Fuentes had asked for an appeal, he would have filed one even though he did not think it was in Fuentes's best interest. *Id.* at 39. Had Fuentes won an appeal, he would have faced trial on additional charges and, upon conviction, could have received a far greater sentence.

[3] 18 U.S.C. § 641.

[4] 18 U.S.C. § 1028A.

understood that he was waiving his right to appeal a sentence of 36 months or less.  Arraignment Tr. 12-13, Apr. 14, 2008.  On July 7, 2008, the Court sentenced Fuentes to 36 months imprisonment.  Paper No. 24.

On September 29, 2008, Fuentes filed this motion to vacate.  The Court held an evidentiary hearing on March 25, 2009.  At the hearing, Fuentes testified that he does not want a trial but wants to return to Honduras, his native country, immediately.  Hrg. Tr. at 52.

## II. Analysis

Fuentes argues that (1) his trial counsel was ineffective because he did not file an appeal, (2) he should not have been found guilty of aggravated identify theft, and (3) the Court incorrectly applied the Sentencing Guidelines.[5]  The Government counters that (1) Fuentes waived his claims by not raising them on appeal, (2) § 2255 does not provide relief for Fuentes's claims, and (3) the claims lack merit.

### A.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance of counsel, Fuentes must show that: (1) counsel's deficient performance (2) prejudiced his defense.  *Id.* at 687.  Fuentes must establish that counsel made errors so

---

[5] Fuentes has withdrawn his second and third claims.  Hrg. Tr. at 54-55.

serious that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  Fuentes must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances.  *Id.* at 688.  This scrutiny is highly deferential.  *Id.* at 689.

An attorney must file an appeal when his client instructs him to do so.  *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007); *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  If so instructed, an attorney is required to file an appeal even if (1) the client has waived his right to appeal, and (2) it would be harmful to the client's interests.  *Poindexter*, 492 F.3d at 273.

An attorney who consults with his client and is not instructed to appeal is not deficient when he fails to appeal.  *Roe*, 528 U.S. at 478.  In most cases, counsel have a duty to consult with defendants about an appeal.  *Id.* at 481.  "[C]ounsel has a constitutionally imposed duty to consult . . . when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in

4

appealing."[6]  *Id.* at 480.

If counsel's deficient performance stripped the defendant of his right to appeal, *Strickland* prejudice is presumed.  *Id.* at 483.  "Thus, where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding."  *Poindexter*, 492 F.3d at 268.  If a defendant did not instruct his attorney to appeal and his attorney did not consult with him about it, the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."  *Roe*, 528 U.S. at 484; *Poindexter*, 492 F.3d at 268-69.  The question is whether the defendant would have appealed, not whether his appeal would have been successful.  *Roe*, 528 U.S. at 486.

Fuentes acknowledged that he had sought the second plea agreement for a predetermined sentence on Count I.  *Id.* at 50.  Fuentes testified that after he was sentenced he twice asked Montemarano--through an interpreter--to appeal.  *Id.* at 48-49, 53.  He stated that Montemarano did not respond to his requests.

---

[6] In making this determination, courts consider the information counsel knew or should have known, such as whether the conviction was the result of a trial or guilty plea.  *Roe*, 528 U.S. at 480.  When there is a plea, courts look at whether the defendant received the sentence bargained for, and whether the plea agreement waived appeal rights.  *Id.*

*Id.* He also testified that Montemarano had never explained (1) what an appeal was, and (2) the contents of the plea agreement. *Id.* at 45, 47.

The Court finds credible Montemarano's recollection of his dealings with Fuentes and his unequivocal testimony that Fuentes never asked for an appeal. Clearly Fuentes discussed the contents of the plea agreement with Montemarano and drove the negotiations for the favorable, second plea offer. Hrg. Tr. at 50. Fuentes testified that he knew he was getting a more favorable sentence with the amended plea agreement, *id.*; thus, it is unlikely that he expressed a desire to appeal.

Montemarano was not deficient because he consulted with Fuentes about an appeal before he pled guilty. *Roe*, 528 U.S. at 478.[7] When a defendant pleads guilty, the Court considers "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly . . . waived . . . appeal rights." *Id.* at 480.

Here, Fuentes pled guilty and received the sentence for which he bargained. Hrg. Tr. at 40. He also waived his right to appeal. Plea Agmt. ¶ 13. Montemarano had no reason to believe

---

[7] Had Montemarano not consulted with Fuentes, he would not have been deficient because he had no reason to believe that a rational defendant--or Fuentes--would want to appeal given the virtual certainty of conviction on--and exposure to greater penalties for--additional charges. *Id.* at 480. Moreover, Montemarano would have known that an appeal would not have resulted in what Fuentes concedes is his only goal--the immediate return to his homeland.

6

Fuentes would have wanted to appeal because the evidence against him was so strong and he faced a longer sentence if he had gone to trial.  Accordingly, counsel was not ineffective.

    B.   Other Grounds for Relief

Fuentes seeks permission to withdraw his remaining grounds for relief.  Hrg. Tr. at 54-55.  Because he filed his § 2255 motion *pro se*, the Court will grant that permission.

III. Conclusion

For the reasons stated above, Fuentes's motion will be denied.

<br>

| | |
|---|---|
| <u>August 13, 2009</u><br>Date |        <u>/s/</u><br>William D. Quarles, Jr.<br>United States District Judge |